**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* CLAUDIO DE SIMONE, *et al.*,<br><br>Plaintiffs and Relator,<br><br>v.<br><br>VSL PHARMACEUTICALS, INC., *et al.*,<br><br>Defendants. | Civil Action No. 23-cv-00700-LKG<br><br>Dated: September 2, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this *qui tam* action, the Relator, Professor Claudio De Simone ("Professor De Simone"), on his own behalf and on behalf of the United States of America, the State of California, the State of Colorado, the State of Connecticut, the State of Delaware, the State of Florida, the State of Georgia, the State of Hawaii, the State of Illinois, the State of Indiana, the State of Louisiana, the Commonwealth of Massachusetts, the State of Nevada, the State of New Hampshire, the State of New Jersey, the State of New Mexico, the State of New York, the State of North Carolina, the State of Rhode Island, the State of Tennessee, the Commonwealth of Virginia, the State of Washington and the District of Columbia (collectively, the "State Plaintiffs"), brings claims for violation of the False Claims Act, 31 U.S.C. § 3729, *et seq*. (the "FCA"), and the analogous false claims statutes of each of the State Plaintiffs, against VSL Pharmaceuticals, Inc. ("VSL"), Leadiant Biosciences, Inc. ("Leadiant") and Alfasigma USA, Inc. ("Alfasigma") (collectively, the "Defendants"), arising from the Defendants' marketing and sale of a probiotic under the VSL#3® trademark. *See generally* ECF No. 1. The Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). ECF No. 26. The motion is fully briefed. ECF Nos. 26, 26-1, 35 and 36. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 26) and (2) **DISMISSES** the complaint (ECF No. 1).

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this *qui tam action*, Professor De Simone brings False Claims Act and related state law claims against Defendants VSL, Leadiant and Alfasigma, arising from the Defendants' marketing and sale of a probiotic under the VSL#3® trademark ("VSL#3"). *See generally* ECF No. 1. Specifically, Professor De Simone asserts the following claims in the complaint: (1) violation of the FCA, 31 U.S.C. § 3729(a)(1)(A)–(C) (Count One); (2) violation of the California False Claims Act, Cal. Gov't Code § 12650, *et seq.* (Count Two); (3) violation of the Colorado Medical Assistance Act, Colo. Rev. Stat. § 25.5-4-303.5, *et seq.* (Count Three); (4) violation of the Connecticut False Claims Act, Conn. Gen. Stat. § 4-274, *et seq.* (Count Fourt); (5) violation of the Delaware False Claims and Reporting Act, 6 Del. Code § 1201, *et seq.* (Count Five); (6) violation of the Florida False Claims Act, Fla. Stat. § 68.081, *et seq.* (Count Six); (7) violation of the Georgia False Medicaid Claims Act, Ga. Code Ann. § 49-4-168, *et seq.* (Count Seven); (8) violation of the Hawaii false claims statute, Haw. Rev. Stat. § 661-21, *et seq.* (Count Eight); (9) violation of the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. 175/1, *et seq.* (Count Nine); (10) violation of the Indiana Medicaid False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.7-1, *et seq.* (Count Ten); and (11) violation of the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:437.1, *et seq.* (Count Eleven); (12) violation of the Massachusetts False Claims Act, Mass. Gen. Laws ch. 12, § 5A, *et seq.* (Count Twelve); (13) violation of the Nevada False Claims Act, Nev. Rev. Stat. § 357.010, *et seq.* (Count Thirteen); (14) violation of the New Hampshire Health Care False Claims Act, N.H. Rev. Stat. Ann. § 167:61-b, *et seq.* (Count Fourteen); (15) violation of the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1, *et seq.* (Count Fifteen); (16) violation of the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1, *et seq.* (Count Sixteen); (17) violation of the New York False Claims Act, N.Y. State Fin. Law § 187, *et seq.* (Count Seventeen); (18) violation of the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605, *et seq.* (Count Eighteen); (19) violation of the Rhode Island State False Claims Act, R.I. Gen. Laws § 9-1.1-1, *et seq.* (Count Nineteen); (20) violation of the Tennessee Medicaid False Claims Act,

[1] The facts recited in this Memorandum Opinion are taken from the complaint; the Defendants' motion to dismiss; the memorandum in support thereof; and the Plaintiffs' response in opposition thereto. ECF Nos. 1, 26, 35 and 36. Unless otherwise stated, the facts recited herein are undisputed.

Tenn. Code Ann. § 71-5-181, *et seq.* (Count Twenty); (21) violation of the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1, *et seq.* (Count Twenty-One); (22) violation of the Washington Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.010, *et seq.* (Count Twenty-Two); and (23) violation of the District of Columbia Procurement Reform Amendment Act, D.C. Code § 2-381.01, *et seq.* (Count Twenty-Three). ECF No. 1 at ¶¶ 166–345. As relief, Professor De Simone seeks entry of a judgment in favor of the United States, or the State Plaintiffs and against the Defendants in an amount equal to three times the damages that the Federal Government has sustained due to the Defendants' alleged actions, plus a civil penalty. *Id.* at Prayer for Relief.

## The Parties

The Relator, Professor Claudio De Simone, is a resident of Switzerland who invented the probiotic formulation known as the "De Simone Formulation." *Id.* at ¶ 16.

Defendant VSL is a Delaware corporation with offices located in Herndon, Virginia and Gaithersburg, Maryland. *Id.* at ¶ 17.

Defendant Leadiant, previously known as Sigma-Tau Pharmaceuticals, Inc., is a Nevada corporation with its principal place of business located in Gaithersburg, Maryland. *Id.* at ¶ 18.

Defendant Alfasigma is a Delaware corporation with its principal place of business located in Covington, Louisiana. *Id.* at ¶ 20.

## Overview Of The Case

This *qui tam* action is one of several cases pending in this District that involve a long-standing dispute among the parties related to the creation of an eight-strain, high-potency probiotic formulation and their competition to market this product. *Id.*; ECF No. 16. In this case, Professor De Simone alleges that the Defendants engaged in a conspiracy and scheme to defraud the Federal Government and the State Plaintiffs into paying claims for a falsely advertised, untested probiotic formulation. ECF No. 1 at ¶ 1.

Specifically, Professor De Simone alleges that doctors have prescribed the probiotic at issue –VSL#3, patients have used VSL#3, and false or fraudulent claims have been presented for payment, or approval, under Medicare, Medicaid, and other federally-funded health care programs, as a result of the fraud scheme. *Id.* And so, Professor De Simone contends that the Defendants' alleged conduct violates the FCA and certain analogous state laws. *Id.*

The De Simone Formulation And VSL#3

As background, during the 1980s and 1990s, Professor De Simone conducted research into the clinical use of strains of bacteria to treat symptoms associated with irritable bowel syndrome and other diseases. *Id*. at ¶ 69. His work resulted in the synthesis of several therapeutic and dietary formulations containing live bacteria cultures that are known as "probiotics."[2] *Id*.

Professor De Simone obtained several patents and other intellectual property rights for his formulation, including for the probiotic formulation for the eight-strain probiotic mix known as the "De Simone Formulation." *Id*. In 2002, Professor De Simone licensed his patents for the De Simone Formulation to VSL and this product was sold in the United States under the name "VSL#3." *Id*. at ¶¶ 71–72.

In November 2014, Professor De Simone resigned from VSL and terminated the agreement governing VSL's distribution and sale of the De Simone Formulation. *Id.* at ¶ 88. Professor De Simone also granted an exclusive license to ExeGi Pharma, LLC ("ExeGi"), which began selling the De Simone Formulation in February 2016 under the brand name Visbiome®. *Id.* at ¶ 91.

The Alleged Fraud Scheme

In this *qui tam* action, Professor De Simone contends that the Defendants violated the FCA by making certain false statements in the marketing materials for VSL#3, thereby causing physicians to prescribe, and patients to use, this product and causing false claims to be presented for payment to Medicare, Medicaid and other healthcare programs. *Id*. at ¶ 1. In this regard**,** Professor De Simone alleges that the Defendants created a new, seven-strain probiotic product, that was manufactured in Italy through a different manufacturing process, and that the Defendants began selling this product in the United States under the VSL#3 trademark in mid-2016. *Id.* at ¶¶ 92–95.

Professor De Simone also alleges that VSL#3 is genetically and functionally different from, and less efficacious than, the De Simone Formulation, and that no clinical study has established the efficacy of Italian VSL#3 for any use. *Id.* at ¶¶ 6, 94 and 120. In addition,

---

[2] Probiotics are formulations containing live bacterial cultures, which are used in the management of certain gastrointestinal conditions, including inflammatory bowel disease, ulcerative colitis, pouchitis and irritable bowel syndrome. ECF No. 1 at ¶ 67.

Professor De Simone alleges that the Defendants falsely marketed VSL#3 to physicians, patients and the public as the same probiotic product that had been sold since 2002, and as supported by the clinical studies conducted on the De Simone Formulation. *Id.* at ¶¶ 96–102.

In this regard, Professor De Simone alleges that: (1) a May 17, 2016, marketing letter falsely stated that VSL#3 would remain "the same quality product, containing the same genus and species of bacteria, in the same proportions that you have come to expect;" (2) a May 24, 2016, press release falsely stated that VSL#3 "has been used in more than 170 studies;" (3) an August 2016 press release falsely stated that the move to Italy allowed the brand to "revert back to an established process . . . while maintaining the original proprietary mix of eight strains of live bacteria;" and (4) Alfasigma instructed its sales representatives to tell prescribing physicians that VSL#3 "has the same 8 diverse strains and high potency that has effectively managed the symptoms of IBS, UC and an ileal pouch for 15 years." *Id.* at ¶¶ 97–98, 100 and 102. But Professor De Simone alleges that the Defendants never informed physicians, patients, or the Government that the formulation of VSL#3 materially changed, or that this new formulation was not the subject of the prior clinical testing. *Id.* at ¶¶ 7 and 156.

Professor De Simone also alleges that the Defendants' false statements and omissions in the marketing materials for VSL#3 caused physicians to prescribe, and patients to use, VSL#3, and thereby caused physicians, pharmacies and healthcare providers to submit false, or fraudulent claims for payment to Medicare, Medicaid, TRICARE and the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") programs, the Department of Veterans Affairs' (the "VA") health care programs and the Federal Employees Health Benefits Program. *Id.* at ¶¶ 15, 158, 167–68. In this regard, Professor De Simone alleges that the claims submitted to these Government healthcare programs were false, or fraudulent, because the uses of VSL#3 were not covered by these programs. *Id.* at ¶¶ 159 and 169 (alleging that the claims were false because use of VSL#3 is not supported by a citation in one of the drug compendia, or peer-reviewed medical literature and not reasonably necessary).

Professor De Simone also alleges, "upon information and belief," that "a discrete number of claims for reimbursement of VSL#3® have been presented to the Government and to the [S]tate [P]laintiff governments," and that such claims "were, and continue to be, routinely paid as presented." *Id.* at ¶ 163. In this regard, Professor De Simone acknowledges that he does not possess information about these claims, and he alleges that information regarding the identity of

the prescribing physicians, the applicable healthcare programs, and the dollar value and quantity of VSL#3 submitted for reimbursement is in the possession of the Government and the Defendants. *Id.*

In addition, Professor De Simone alleges that he submitted requests under the Freedom of Information Act, and corresponding state laws, to various federal and state agencies regarding VSL#3, and that the VA, and state agencies in Maryland, Louisiana, New York and Massachusetts have provided responses showing that these agencies reimbursed claims for VSL#3. *Id.* at ¶ 165. Given this, Professor De Simone alleges that: (1) the VA paid $610,361.00 for 8,738 boxes of VSL#3 and reimbursed 2,728 prescriptions for 561 unique patients in the amount of $341,171.00 between 2016 and 2021; (2) Louisiana's Medicaid program purchased 280 bottles of VSL#3 in six orders from four prescribers between February 2018 and March 2019; (3) Massachusetts spent $19,726.93 on reimbursements for VSL#3 between 2016 and 2022; and (4) New York's Medicaid program paid $39,765.19 in reimbursements for 575 prescriptions. *Id.* at ¶¶ 179, 257, 265 and 301. And so, Professor De Simone contends that the Government and the State Plaintiffs would not have paid, or approved, these claims had they known that false representations were made to doctors and patients about VSL#3 and that VSL#3 has not been proven safe and efficacious for any use. *Id.* at ¶¶ 164 and 171.

<u>Professor De Simone's Disclosures To The Government</u>

Professor De Simone alleges that he repeatedly disclosed the fraud scheme alleged in the complaint to federal authorities. Specifically, Professor De Simone alleges that: (1) on November 7, 2016, he contacted the Chief of Staff for Advertising Practices at the Federal Trade Commission (the "FTC") regarding the allegedly false advertising of VSL#3; (2) on December 1, 2016, he submitted a detailed letter to the FTC setting forth the facts of the alleged fraud, which stated that patient use of VSL#3 "has been reimbursed . . . through Medicare and Medicaid;" and (3) on December 8, 2016, the Federal Trade Commission advised him that his submission had been forwarded to the FTC's Consumer Response Center for entry into the "Consumer Sentinel" database. *Id.* at ¶¶ 104–08. Professor De Simone also alleges that: (1) he submitted additional materials regarding the marketing of VSL#3 to the FTC in February and May 2017; (2) that he wrote to the United States Department of Health and Human Services ("HHS") and the United States Department of Justice ("DOJ") in July 2020, accusing the

Defendants of Medicare and Medicaid fraud; and (3) he wrote to HHS and DOJ in August 2021, asserting violations of the FCA. *Id.* at ¶¶ 109–11, 140–44.

Given this, Professor De Simone contends that the Defendants' fraudulent scheme has resulted in the Government's reimbursement of millions of dollars in false or fraudulent claims for VSL#3, in violation of the FCA and state law. *Id*. at ¶ 178. And so, Professor De Simone seeks entry of a judgment in favor of the United States, or the State Plaintiffs and against the Defendants in an amount equal to three times the damages that the Federal Government has sustained due to the Defendants' alleged actions, plus a civil penalty. *Id*. at Prayer for Relief.

**B. Procedural Background**

Professor De Simone commenced this *qui tam* action on March 14, 2023. ECF No. 1.

On June 20, 2025, the United States and the State Plaintiffs declined to intervene in this matter. ECF Nos. 12 and 13. And so, the Court, among other things, unsealed the complaint and directed Professor De Simone to serve the Defendants with a copy of the complaint on June 20, 2025. ECF No. 14.

On October 13, 2025, the Defendants filed a motion to dismiss the complaint, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), and a memorandum in support thereof. ECF Nos. 26 and 26-1.

On December 12, 2025, Professor De Simone filed a response in opposition to the Defendants' motion. ECF No. 35.

On January 26, 2026, the Defendants filed a reply brief. ECF No. 36.

The Defendants' motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

**A. Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) provides that claims that sound in fraud are subject to a heightened pleading standard, which requires that "the circumstances constituting fraud" be stated "with particularity." Fed. R. Civ. P. 9(b). And so, this Court has held that a plaintiff must plead with particularity, "'who made what false statement, when, and in what manner . . .; why the statement is false; and why a finder of fact would . . . conclude that the defendant acted with scienter . . . and with the intention to persuade others to rely on the false statement.'" *Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 747 (D. Md. 2023) (alterations in original) (quoting *McCormick v. Medtronic, Inc.*, 101 A.3d 467, 492–93 (2014)).

**B. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

**C. The False Claims Act**

The False Claims Act is the primary civil statute designed to deter and to redress fraud upon the United States, and it "serves as a powerful tool for recovering fraudulently obtained government funds." *United States ex rel. Sheldon v. Allergan Sales, LLC*, 170 F.4th 227, 232 (4th Cir. 2026). In this regard, the FCA imposes civil liability upon any person who: (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A); (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id.* § 3729(a)(1)(B); or (3) "conspires to commit a violation of" those provisions, *id.* § 3729(a)(1)(C). The FCA also permits a private person, known as a relator, to bring a civil action for a violation of the statute in the name of the United States. *Id.* § 3730(b)(1).

To state a claim under the FCA, a relator/plaintiff must allege that: "1) the defendant made a false statement or engaged in a fraudulent course of conduct; 2) such statement or conduct was carried out with the requisite scienter; 3) the statement or conduct was material; and 4) the

statement or conduct caused the government to pay out money or to forfeit money due." *Sheldon*, 170 F.4th at 233; *see also United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 700 (4th Cir. 2014). "Failure to adequately allege any of these elements dooms a claim." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 188 (4th Cir. 2022).

In addition, the Fourth Circuit has held that claims arising under Sections 3729(a)(1)(A) and (B) of the FCA "are fraud-based claims that must satisfy Rule 9(b)'s pleading standard." *United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 196 (4th Cir. 2018). And so, a relator/plaintiff asserting such claims must plead with particularity the "who, what, when, where, and how of the alleged fraud." *Sheldon*, 170 F.4th at 242 (quoting *Taylor*, 39 F.4th at 189).

Relevant to the pending motion to dismiss, a complaint in a False Claims Act case must plead specific facts showing, among other things, that a defendant presented or caused the presentment of a false or fraudulent claim to the government. *See U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013) ("[T]he critical question is whether the defendant caused a false claim to be presented to the government, because liability under the Act attaches only to a claim actually presented to the government for payment, not to the underlying fraudulent scheme."). To adequately plead presentment, "a plaintiff can allege with particularity that specific false claims actually were presented to the government for payment," which "requires the relator to, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." under Rule 9(b). *See United States ex rel. Taylor*, 39 F.4th 177, 196 (4th Cir. 2022) (internal quotation marks and citations omitted). Alternatively, "a relator can allege a pattern of conduct that would *necessarily* have led to submission of false claims to the government." *Id*. (internal quotation marks and citations omitted). A relator who does not allege facts to plausibly show presentment, fails to state all the elements of a FCA claim. *Id.*; *see also Grant*, 912 F.3d at 198 (dismissing complaint that failed "to allege how, or even whether, the bills for these fraudulent services were presented to the government and how or even whether the government paid [the defendant] for the services").

## IV. ANALYSIS

The Defendants have moved to dismiss this *qui tam* matter, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), upon several grounds. First, the Defendants argue that Professor De Simone fails to plead the essential elements of a FCA violation, because the complaint does not plausibly

allege that: (a) any claim was factually or legally false; (b) any claims were presented to the Government; (c) the false claims were caused by the Defendants; and (d) the Defendants' actions were material to the Government's decision to pay the claims. ECF No. 26-1 at 18–31. Second, the Defendants argue that Professor De Simone's analogous state law claims must fail for the same reasons. *Id*. at 31–32. Third, the Defendants argue that all claims in this case arising before March 14, 2017, are time-barred. *Id*. at 32–36. Lastly, the Defendants argue that the FCA's *qui tam* provisions violate Article II of the Constitution. *Id.* at 36–38. And so, the Defendants request that the Court dismiss the complaint with prejudice. *Id.* at 38.

In his response in opposition to the Defendants' motion to dismiss, Professor De Simone counters that the Court should not dismiss this matter, because: (1) he sufficiently pleads the elements of a False Claims Act claim with the requisite particularity; (2) he sufficiently pleads the analogous state law claims with the requisite particularity; (3) all his claims are timely, because he filed this lawsuit within three years of the Government's constructive knowledge of the alleged FCA violations in this case; and (4) the FCA's *qui tam* provisions are constitutional under controlling Supreme Court precedent. ECF No. 35 at 11–36. And so, Professor De Simone requests that the Court deny the Defendants' motion. *Id.* at 36. In the alternative, Professor De Simone seeks leave to amend the complaint to cure any deficiency that the Court identifies. *Id.*

For the reasons that follow, a careful reading of the complaint shows that this pleading lacks sufficient factual allegations to show, with particularity, that the false or fraudulent claims regarding VSL#3 were presented to the Government or the State Plaintiffs. The complaint also makes clear that Professor De Simone has not sufficiently alleged facts to show, with particularity, that the Defendants caused false claims related to VSL#3 to be presented to the Government or the State Plaintiffs. Given these deficiencies, Professor De Simone fails to state plausible FCA and analogous state law claims in the complaint. And so, the Court: (1) **GRANTS** the Defendants' motion to dismiss (ECF No. 26) and (2) **DISMISSES** the complaint (ECF No. 1).

### A. The Complaint Fails To State A Claim Under The False Claims Act

#### 1. The Complaint Lacks Facts To Show Presentment

As an initial matter, the Defendants persuasively argue that the complaint lacks sufficient factual allegations to show, with particularity, that any false claims related to VSL#3 have been

presented to the Government or the State Plaintiffs. To state a claim under the FCA, Professor De Simone must allege facts in the complaint to show, among other things, that the Defendants presented or caused the presentment of a false or fraudulent claim to the Government. *See Nathan*, 707 F.3d at 456 ("[T]he critical question is whether the defendant caused a false claim to be presented to the government, because liability under the Act attaches only to a claim actually presented to the government for payment, not to the underlying fraudulent scheme."). To adequately plead presentment, Professor De Simone can either allege with particularity that specific false claims were presented to the Government for payment, by describing the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," or he can "allege a pattern of conduct that would necessarily have led to submission of false claims to the [G]overnment." *See Taylor*, 39 F.4th at 196 (internal quotation marks and citations omitted). A failure to meet this standard warrants dismissal of the complaint. *Grant*, 912 F.3d at 198 (dismissing complaint that failed "to allege how, or even whether, the bills for these fraudulent services were presented to the government and how or even whether the government paid [the defendant] for the services"). And so, Professor De Simone must "connect the dots . . . between the alleged false claims and government payment" in this case. *Id.* at 199 (citation omitted).

A careful reading of the complaint shows that Professor De Simone has not satisfied the aforementioned pleading standards in this case. In the complaint, Professor De Simone alleges that the Defendants' false statements and omissions in connection with the marketing of VSL#3 caused doctors to prescribe, and patients to use, VSL#3, and resulted in the submission of false, or fraudulent claims for payment to Medicare, Medicaid, TRICARE, CHAMPUS, the VA and the Federal Employees Health Benefits Program. ECF No. 1 at ¶¶ 15, 158, 167–68. To support this claim, Professor De Simone also alleges, "upon information and belief," that "a discrete number of claims for reimbursement of VSL#3® have been presented to the Government and to the state plaintiff governments," and that such claims "were, and continue to be, routinely paid as presented." *Id.* at ¶ 163.

But the complaint lacks facts to show, with particularity, the specific false claims that have been presented to the Government or State Plaintiffs, when these claims were presented, who presented the claims, and when the claims were paid by the Government and/or State Plaintiffs. *See generally id.* In fact, Professor De Simone acknowledges in the complaint that

he does not possess such information and that these facts are needed to support his FCA claims. *Id.* at ¶ 163.

While Professor De Simone does allege that certain information that he obtained from the VA and state agencies regarding VSL#3 shows that these healthcare agencies have reimbursed claims for VSL#3, the complaint lacks factual allegations that identify or provide details about these claims. *Id.* at ¶¶ 165, 179, 257, 265 and 301 (alleging that: (1) the VA paid $610,361.00 for 8,738 boxes of VSL#3 and reimbursed 2,728 prescriptions for 561 unique patients in the amount of $341,171.00 between 2016 and 2021; (2) Louisiana's Medicaid program purchased 280 bottles of VSL#3 in six orders from four prescribers between February 2018 and March 2019; (3) Massachusetts spent $19,726.93 on reimbursements for VSL#3 between 2016 and 2022; and (4) New York's Medicaid program paid $39,765.19 in reimbursements for 575 prescriptions). Given this, the complaint lacks sufficient factual allegations to show that specific false claims related to VSL#3 have been presented to the Government or State Plaintiffs for payment.

The complaint also lacks sufficient factual allegations to show, with particularity, a "pattern of conduct" that would necessarily have led to the submission and payment of false VSL#3-related claims. While Professor De Simone generally alleges in the complaint that the Defendants made false and fraudulent marketing statements about VSL#3, the complaint fails to connect these allegedly false statements to any claims presented to the Government or the State Plaintiffs. *Id.* at ¶ 163 (alleging "[u]pon information and belief, a discrete number of claims for reimbursement of VSL#3® have been presented to the Government and to the state plaintiff governments"). Notably, the factual allegations in the complaint, taken as true, do not explain how the Defendants' alleged false statements in marketing VSL #3 resulted in the presentation of false claims for payment to the Government. *See generally id.* In fact, the complaint is devoid of any factual allegations linking the Defendants' alleged false marketing statements about VSL # 3 to the preparation or submission of a claim for reimbursement to Medicare and Medicaid. *Id.*

While the complaint does allege that "the VA paid $610,361.00 for 8,738 boxes of VSL#3®, and that the VA reimbursed 2,728 prescriptions for 561 unique patients in the amount of $341,171.00, from 2016 through 2021, as a result of the false claims that the Defendants caused to be presented" (*Id.* at ¶ 179), there are no factual allegations in the complaint to show, among other things: (1) where or when the purchases of VSL#3 were made; (2) why the claims

were false; (3) who submitted the claims; or (4) when the claims were submitted. *See generally* ECF No. 1. Without more information, these factual allegations are simply too vague and speculative to show the presentment of false claims to the Government within the context of the FCA. *Nathan*, 707 F.3d at 457 (requiring "some indicia of reliability" to "support the allegation that an actual false claim was presented to the government").[3]

The Court also observes that, while Professor De Simone is not required to identify and provide payment documents or invoices to support his FCA claims, at this early stage of this *qui tam* litigation, he must at least provide factual allegations to "connect the dots" between the alleged false claims in this case and the payment of those claims. *Grant*, 912 F.3d at 199. Professor De Simone simply has not done so here.

Given this, the complaint fails to satisfy the pleading requirements under Rules 9(b) and 12(b)(6) with regards to the presentment element of Professor De Simone's FCA claim. Fed. R. Civ. P. 9(b) and 12(b)(6). And so, to the extent that Professor De Simone brings his claims under Section 3729(a)(1)(A) of the FCA, the Court DISMISSES this claim. Fed. R. Civ. P. 9(b), 12(b)(6).

**2. The Complaint Lacks Facts To Show Causation**

The FCA claims in this *qui tam* case are also problematic, because the complaint lacks sufficient factual allegations to show that the Defendants caused false claims to be presented to the Government or the State Plaintiffs. The FCA imposes civil liability upon any person who: (1) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A); (2) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id.* § 3729(a)(1)(B); or (3) "conspires to commit a violation of" those provisions, *id.* § 3729(a)(1)(C). And so, to state a claim under the FCA, Professor De Simone must also allege, with particularity, that the Defendants' false statements or conduct caused the Government and State Plaintiffs to "pay out

[3] Professor De Simone also argues without persuasion that he alleges presentment with particularly, because "[t]he Complaint alleges that prescribers and patients have submitted false requests for reimbursement to the Government on the fraudulent basis that VSL#3 is equivalent to the De Simone Formulation." ECF No. 35 at 20. These factual allegations, taken as true, do not identify the specific false claims, or show that these claims were actually presented to the Government or the State Plaintiffs for payment.

money or to forfeit money due." *Sheldon*, 170 F.4th at 233; *see also United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 700 (4th Cir. 2014).

Again, a careful reading of the complaint shows that Professor De Simone has not satisfied this pleading requirement. In the complaint, Professor De Simone alleges that "Defendants have knowingly engaged in a nationwide false advertising campaign for the intended and foreseeable effect of causing the presentation of claims to the Government." ECF No. 1 at ¶ 162. But the complaint lacks factual allegations to explain how the Defendants' false marketing statements caused false or fraudulent claims for payment to be submitted to the Government and State Plaintiffs. *See generally id*. Notably missing are any facts in the complaint to show that: (1) the doctors who prescribed VSL#3 to their patients, and/or the patients themselves, were aware of the statements made in connection with the alleged fraud scheme; (2) the Defendants' alleged false statements caused the doctors to prescribe VSL#3, or the patients to purchase this product; or (3) the Defendants' alleged false marketing statements influenced the Government and State Plaintiffs' respective decisions to pay the claims. *See generally* ECF No. 1. Given this, the Court agrees with the Defendants that the "who, what, when, where, and how" required by Rule 9(b) is absent from the complaint. *See Taylor*, 39 F.4th at 189.

Professor De Simone's reliance upon certain allegations in paragraphs 9, 139, 158, 160-164, 168-172, 175, 178, 179 of the complaint to establish that the Defendants caused false claims to be submitted to the Government is also misplaced. ECF No. 35 at 25–26. These factual allegations, taken as true, do not show that the Defendants' alleged false marketing scheme caused doctors or patients to submit false claims to the Government. *See, e.g.,* ECF No. 1 at ¶ 9 (generally alleging that the Defendants caused false and fraudulent claims to be submitted to the Government or State Plaintiffs); ¶ 139 (alleging that doctors would not have prescribed VSL#3, and patients would have not used the probiotic had the Defendants disclosed the true facts); ¶ 161 (alleging that Defendants are aware that their false advertising caused false or fraudulent claims to be submitted to the Government and State Plaintiffs); and ¶ 178 (alleging that the Defendants' fraud scheme resulted in Government reimbursement of millions of dollars in false or fraudulent claims).

Because the complaint fails to explain, with particularity, how the Defendants' allegedly false marketing statements caused any false claims for payment to be submitted to the

Government or State Plaintiffs, the complaint fails to state a plausible FCA claim. And so, the Court must DISMISS Professor De Simone's FCA claims.[4] Fed. R. Civ. P. 9(b), 12(b)(6).

**B. The Court Must Dismiss Professor De Simone's State Law Claims**

For similar reasons, the Court must also DISMISS Professor De Simone's analogous state law claims in this case. It is undisputed that the state law claims in this *qui tam* action are based upon the same alleged fraud scheme and conduct that gives rise to Professor De Simone's FCA claim. ECF Nos. 1; 26-1 at 31-32; and 35 at 33-34. To be plausible, these claims must be plead with particularity as to the elements of the claims. Fed. R. Civ. P. 9(b); *see also United States ex rel. Nowak v. Medtronic, Inc.*, 806 F. Supp. 2d 310, 357 (D. Mass. 2011) (noting that the Relator cannot rely on generalized pleadings to support state law claims). Given this, Professor De Simone's state law claims suffer from the same defects described above with regard to his FCA claims. And so, the Court also DISMISSES these state law claims.[5] Fed. R. Civ. P. 9(b), 12(b)(6).

In sum, a careful reading of the complaint in this *qui tam* action makes clear that Professor De Simone has not sufficiently alleged facts to show, with particularity, that any false claims related to the sale of VSL#3 have been presented to the Government and State Plaintiffs, or that the Defendants caused such false or fraudulent claims to be presented. Given this, Professor De Simone fails to state plausible claims under the FCA or the analogous state laws. And so, the Court DISMISSES the complaint. Fed. R. Civ. P. 9(b), 12(b)(6).

---

[4] Professor De Simone has also not shown that leave to amend the complaint is warranted in this case. Notably, he acknowledges that he lacks information to identify and provide details about any false claims that have been submitted to the Government and State Plaintiffs for payment. And so, any amendment of the complaint would be futile. Fed. R. Civ. P. 15.

[5] Because the Court concludes that Professor De Simone's FCA and state law claims are not plausible, the Court does not address whether potions of these claims are time-barred, or whether the *qui tam* provision in the FCA violates Article II of the Constitution.

## V. CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS** the Defendants' motion to dismiss (ECF No. 26); and

(2) **DISMISSES** the complaint (ECF No. 1).

A separate Order shall be issued.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge